IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01439-PSF-MJW

GOODWILL INDUSTRIAL SERVICES CORPORATION, a Colorado nonprofit corporation,

    Plaintiff,

v.

COLORADO DIVISION OF VOCATIONAL REHABILITATION, a Colorado governmental agency;
KEVAN WORLEY, an individual;
BLACKSTONE CONSULTING, INC., a California corporation;
SERVICESOURCES, INC., a Virginia nonprofit corporation; and

    Defendants,

v.

COMMITTEE FOR PURCHASE FROM PEOPLE WHO ARE BLIND OR SEVERELY DISABLED, an agency of the United States government; and
THE UNITED STATES OF AMERICA,

    Defendants-Intervenors.

_____

## ORDER ON PENDING MOTIONS
_____

THIS MATTER is before the Court on Plaintiff Goodwill Industrial Services Corporation's Motion to Remand for Lack of Subject Matter Jurisdiction (Dkt. # 5); the Emergency Motions to Dissolve Temporary Restraining Order of Intervenor United States of America and Defendant Committee for Purchase from People Who are Blind or Severely Disabled (Dkt. # 4) and ServiceSource, Inc. (Dkt # 8); Defendants Kevan Worley and Blackstone Consulting Inc.'s Joinder of U.S.' Emergency Motion to Dissolve

TRO (Dkt. # 12); and the Motion to Intervene as of Right Pursuant to Fed. R. Civ. P. 24(a)(2), by the United States of America and the Committee for Purchase from People Who are Blind or Severely Disabled (Dkt. # 2). The Court held a hearing on all pending motions on August 2, 2005, has reviewed the underlying complaint, notice of removal, interverners' answer and all relevant filings, and rules as follows.

## I.	FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case and all related proceedings have been well-detailed in the parties' submissions to the Court, and the Court therefore declines to recite them once again in this Order.

## II.	MOTION TO REMAND

In its Motion to Remand for Lack of Subject Matter Jurisdiction, plaintiff argues that this Court must remand the instant action to District Court, El Paso County, Colorado. In support of its motion plaintiff states: "the Complaint asserts only contract claims governed by state law . . . and no federal question. The Notice of Removal does not contend otherwise, and its attempt to construct a federal question . . . out of state claims arising from a subcontract agreement to which neither the United States nor any federal agency is a party is unavailing . . . ." Plaintiff's Motion to Remand at 6.

As plaintiff correctly notes, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) holds that "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*See also Fajen v. Foundation Reserve Insurance Company, Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). Under *Caterpillar* and its progeny, it does not appear from the face of the underlying state court complaint that a federal question exists here that would give the Court subject matter jurisdiction over this action. Plaintiff's state complaint alleges only two claims for relief (entitled "Declaratory Judgment" and "Temporary Restraining Order and Preliminary and Permanent Injunction"), neither of which on their face raises a federal question. The complaint fails to expressly raise other causes of action, most notably a claim for breach of contract.

However, the inquiry does not end there. While *Caterpillar* explicitly limits federal question jurisdiction to the allegations contained in the complaint, there are several exceptions to this general rule. Relevant here is the "substantial federal question doctrine," which has been described as when a "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23, 27-28 (1988) (holding that action brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 is "purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.")

The instant complaint artfully makes no explicit or implicit reference to any substantial question of federal law at issue. However, it is clear to this Court that the claims plaintiff advances in the complaint arise in large part, if not entirely, under federal law. Primarily at issue in this case is whether defendants improperly breached the

terms of a subcontract under a federal statute, the Javitz Wagner O'Day Act ("JWOD"), 41 U.S.C. §§ 46-48c, *et seq*. The JWOD Act has been described as follows:

> The JWOD Act establishes the Committee for Purchase from People who are Blind or Severely Disabled (the Committee). 41 U.S.C. § 46. "The primary objective of the Committee is to provide training and employment opportunities for persons who are blind or have severe disabilities." *NISH v. Cohen*, 247 F.3d 197, 201 (4th Cir. 2001). Under the JWOD Act, the Committee is charged with creating and maintaining a "procurement list" of goods or services offered for sale by any qualifying non-profit agency for the blind or the severely handicapped. 41 U.S.C. § 47(a). The Committee is further charged with determining a market price for such goods or services, and promulgating other regulations governing the sale and delivery of such items. Id. § 47(d). Pursuant to the statute, any government agency determining a need for any goods or services on the procurement list must afford priority to a qualifying non-profit agency. *Id.* § 47(d)(2).

*NISH; RCI, Inc. v. Rumsfeld,* 348 F.3d 1263, 1265 (10th Cir. 2003). Clearly, the contracts and subcontracts plaintiff places at issue in the complaint are governed by the JWOD Act. And to be sure, the regulatory scheme promulgated under the JWOD Act is entirely a creation of federal statutory law. Furthermore, it appears that plaintiff's claims also are substantially related to the Randolph-Sheppard Act ("RSA"), 20 U.S.C. § 107, *et seq.*, under which the federal government, in partnership with the Colorado Division of Vocational Rehabilitation, seeks to provide economic opportunities to the blind by granting priority to licensed blind vendors in contracts to operate vending facilities on federal property. 20 U.S.C. § 107(a)-(b).

Based on the role of the JWOD Act and RSA and their underlying regulatory scheme that governs plaintiff's claims here, subject matter jurisdiction appears to exist in this case under the substantial federal question doctrine. It may well be that subject

matter jurisdiction also exists because plaintiff's state law claims are preempted by federal law; however, the Court need not reach that argument for the purposes of this Order.

Moreover, given the emergency and accelerated nature of this proceeding, this Court cannot say at this early juncture that the United States Court of Federal Claims has exclusive jurisdiction over the case as a matter of law.  The parties appear to be in agreement with this statement, as indicated from their appeal of Magistrate Judge Boland's ruling to the contrary in *Goodwill Industrial Services Corporation v. Committee for Purchase from People Who are Blind or Severely Disabled, et al.,* Civil Action No. 05-cv-01275-MSK-BNB.  The Tenth Circuit has as of yet made no determination on the issue.  Therefore, the Court declines to remand this action to state court, and instead will exercise its continuing jurisdiction over plaintiff's claims.

### III.     EMERGENCY MOTIONS TO DISSOLVE TEMPORARY RESTRAINING ORDER

Intervenor United States of America and Defendants Committee for Purchase from People Who are Blind or Severely Disabled and ServiceSource, Inc. urge this Court to dissolve a temporary restraining order entered by Judge Edward S. Colt of the District Court, El Paso County, Colorado on July 29, 2005 without having held oral argument.  The temporary restraining order enjoined the non-federal defendants from allowing ServiceSource to provide dining facility attendant services at Fort Carson effective August 1, 2005.

F.R.Civ.P. 65(b) establishes a procedure whereby the party against whom a temporary restraining order has issued can move to dissolve or modify the injunction, upon short notice to the party who obtained the order.  It reads in pertinent part:

> On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

Balancing the equities as it is required to do (*see e.g. Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir. 1980)), this Court is in agreement that they weigh in favor of dissolving the temporary restraining order entered in the related state court proceeding. It is not clear that the El Paso District Court had all information available to it when making its ruling, including the fact that a similar request for a temporary restraining order had been denied by Magistrate Judge Boland of this Court earlier that day in Civil Action No. 05-cv-01275-MSK-BNB.  Nor is it clear that the state court was aware that in that same case plaintiff immediately filed a Notice of Appeal and Emergency Motion for Stay Pending Appeal with the Tenth Circuit.

The Tenth Circuit denied Plaintiff's Emergency Motion for Stay Pending Appeal on July 29, 2005 on the ground that plaintiff failed to meet its burden of showing irreparable harm.  That holding itself, essentially the law of the case here, is justification for dissolving the temporary restraining order.  The circuit still has not ruled on substantive question raised in the appeal–whether the United States Court of Federal Claims has exclusive jurisdiction over the action.  The Court finds that the previous rulings of this court and the Tenth Circuit in the related case, and those issues that

6

remain pending before the circuit should not be overridden by a single state court judge whose involvement in the overall proceedings was limited, at best.

### IV.     CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion to Remand (Dkt. # 5) and retains jurisdiction over this action.  The Emergency Motions to Dissolve Temporary Restraining Order (Dkt. ## 4,8) are GRANTED and the temporary restraining order entered by Judge Edward S. Colt of the District Court, El Paso County, Colorado on July 29, 2005 enjoining the non-federal defendants from allowing ServiceSource to provide dining facility attendant services at Fort Carson effective August 1, 2005 is hereby dissolved.  Defendants Kevan Worley and Blackstone Consulting Inc.'s Joinder of U.S.' Emergency Motion to Dissolve TRO (Dkt. # 12) and the Motion to Intervene as of Right Pursuant to Fed. R. Civ. P. 24(a)(2), by the United States of America and the Committee for Purchase from People Who Are Blind or Severely Disabled (Dkt. # 2) are GRANTED.

IT IS FURTHER ORDERED that the parties shall appear for a Scheduling Conference on **Wednesday, September 14, 2005 at 8:30 a.m.**, in Courtroom A602 of the U.S. District Court for the District of Colorado, Sixth Floor, of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  Counsel shall confer and prepare a Proposed Joint Scheduling Order that is due to the Court **at least five days before the Scheduling Conference.**  Counsel shall comply with the Instructions for Preparation of Scheduling Order (*see* Appendix F of the Local Rules of Practice in the United States District Court for the District of Colorado).  Copies of the Local Rules are available

under the "Local Rules" button at http://www.cod.uscourts.gov and from the Clerk of the Court.

DATED: August 3, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge